REQUESTED BY: Donald L. Jensen, Director Department of Public Institutions
How many members of the Sentencing Review Committee are required to take action upon the review of an offender?
All five should be given opportunity after which a majority may act.
You have stated that the bylaws of the Sentencing Review Committee provide that a quorum present may act upon a particular review. Said rules further provide that a quorum is a simple majority of three. You state that a question has arisen as to whether action taken on review of an offender's records under these rules is valid.
There are only three sections of the statutes relating to the Sentencing Review Committee of Mentally Disordered Sex Offenders. Section 29-2916 (Reissue 1979) establishes the committee and specifically sets out how it must be composed as follows: one attorney, one psychologist, two physicians with qualifications similar to those described in 29-2913, and one lay person.
Section 29-2917 provides that the members shall serve without pay but shall be reimbursed for their expenses.
Section 29-2918 contains three subsections. Subsection (1) provides that the committee shall `annually or upon motion of the defendant review all records of mentally disordered sex offenders.' Subsection (2) provides that prior to any review the Regional Center shall prepare and provide to the committee all data, etc., relevant to the issues of a particular defendant. Subsection (3) provides that the committee shall file a written report with the sentencing court `on the results of its review. Such report shall include reasons for the conclusions.'
There is nothing in said statutes requiring that the Sentencing Review Committee hold any meetings but only that all records shall be reviewed annually or any particular record reviewed upon motion of a defendant, and that the committee file a written report including its reasons for its conclusions.
This raises the question of how many of the five members of the Sentencing Review Committee must conduct the review, and how many must agree upon the written report including the reasons for the conclusions reached.
Under a statute which required the Governor, Attorney General, and Secretary of State to approve a bond given by a bank before the bank could become a state depository, the Supreme Court of Nebraska held that the approval of a bond by the Secretary of State and the Attorney General alone was sufficient where the statute was silent as to procedure and where the Governor had met with the Secretary of State and Attorney General for the purpose of considering, and did consider, such bond but dissented from the approval. The Supreme Court, after reviewing a number of cases throughout the United States stated as follows:
 "The principle deducible from the numerous authorities on the subject is that where three or more persons are entrusted by law with powers of a public character or nature, and in the execution thereof all of them are assembled, or have been duly notified of the time and place of meeting, the decision of the majority is binding, whether the statute authorizes a majority to act or is silent."
In Re State Treasurer's Settlement, 51 Neb. 116, (1897); to the same effect, see 2 Am.Jur.2d, Administrative Law, 196.
In the present case, the particularity of the Legislature in specifying the qualifications of the members of the Sentencing Review Committee, indicates that the Legislature intended that each member be notified and given an opportunity to participate in the deliberations and adoption of a report, and the reasons for the conclusions reached in each case. However, should a member be unable or delinquent in participating in the duties of the committee, or dissent from the majority, the public should not be penalized by such circumstances.
It is therefore our opinion that each member of the committee should be given an opportunity in each case to participate in the review and the adoption of the report, and reasons for the conclusions, but once that opportunity is given, a majority of the committee may conduct such review and adopt such report in each case.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Mel Kammerlohr Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General